Caspar F. Ewig (CE4027)
Hill Rivkins & Hayden LLP
Attorneys for Plaintiff
45 Broadway
New York, NY 10006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In the Matter of the Complaint

    Of

Salt Route, Ltd., as Owner of the M/V
JOANNE I, For Exoneration from or
Limitation of Liability

------------------------------------------------------------x

Civil Action No.:

**COMPLAINT**

    Plaintiff, by its attorneys, HILL RIVKINS & HAYDEN LLP, for his complaint seeking exoneration from or limitation of liability alleges upon information and belief as follows:

    1. This is a case of admiralty and maritime jurisdiction, as hereafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    2. Plaintiff, Salt Route, Ltd., at all pertinent times was and now is a Bermuda corporation with a principal place of business in Hamilton, Bermuda and was the owner of the M/V JOANNE I. At all times relevant hereto, the vessel was managed by Sea Cargo Ltd.. of Palm Springs, Florida.

    3. On October 3, 2007 while transiting the Panama Canal the vessel sustained an engine breakdown resulting in the vessel being unable to complete the voyage and deliver her cargoes to the intended ports of destination.

1

4. The aforesaid breakdown and consequent damages were not due to the fault, neglect or want of care on the part of plaintiff or to the vessel. Alternatively, any defect in design, construction, configuration or outfitting of the M/V JOANNE I that is found have caused or contributed to the aforesaid collision existed without the privity or knowledge of plaintiff.

5. As a result of the aforesaid breakdown, plaintiff has received notices of claims from owners of the cargoes aboard the vessel for damages for delay, discharge expenses, on-carriage expenses, loss of market value and other claims in excess of $2.3 million greatly exceeding the value of the vessel.

6. There are no demands, unsatisfied liens or claims of liens against the vessel arising on the said voyage or any suits pending thereon, so far as is known to plaintiff other than as set forth above.

7. This complaint is filed within six months after plaintiff's receipt of the earliest notice of claim.

8. As appears from the Declaration of John Lightbown filed with this complaint, the value of the vessel at the time of the casualty did not exceed $700,000.00.

9. Plaintiff contests its liability and the liability of the vessel for any loss or damage occurred as a result of the aforesaid machinery breakdown and invokes the benefits of exoneration from or limitation of liability afforded by §§4283-9 of the Revised Statutes of the United States (Title 46 U.S. Code Sections 183-189).

10. Plaintiff files herewith an interim stipulation with approved surety in the amount of $700,000.00, plus $1,000.00 security for costs pursuant to Local Rule F.1 for

the payment into Court, whenever the Court shall order, of the plaintiff's interest in the Inflatable Boat as aforesaid.

WHEREFORE, plaintiff prays:

1. That this Court approve the said interim stipulation as security for the value of plaintiff's interest in the M/V JOANNE I;

2. That this Court issue a notice to all persons making any claim with respect to which this complaint seeks limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be fixed in said notice and that if any claimant desires to contest either plaintiff's right to exoneration from or limitation of liability he shall file and serve on the attorneys for plaintiff an answer to the complaint on or before said date, unless said claim includes an answer so designated;

3. That this Court enjoin the further prosecution of all actions, suits, or proceedings already begun and the commencement and prosecution thereafter of any and all actions, suits or proceedings, or any nature or description whatsoever, in any jurisdiction, against plaintiff, or against any property of the plaintiff, except in this action, to recover damages for or in respect to any loss or damage occasioned or incurred on the aforesaid voyage;

4. That this Court adjudge that plaintiff is not liable for any loss or damage resulting from the aforesaid casualty or occurring during the aforesaid voyage;

5. If plaintiff should be adjudged liable, then that such liability be limited to the value of its interest in the M/V JOANNE I following the breakdown, and that plaintiff be discharged therefrom upon the surrender of its interest in the vessel and that the money so

3

surrendered be divided pro rata according to the statutes and rules above among such claimants as may duly prove claims, saving to each any priority to which he may be entitled, and that judgment may then be entered;

    6. That plaintiff may have such further or other relief as may be just.

Dated: New York, NY
       April 17, 2008

HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff

By: _____
    Caspar F. Ewig (CE4027)

45 Broadway
New York, NY 10006

002Complaint