Caspar F. Ewig (CE4027)
Hill Rivkins & Hayden LLP
Attorneys for Plaintiff
45 Broadway
New York, NY 10006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-------------------------------------------------------x

In the Matter of the Complaint

      Of

Salt Route, Ltd., as Owner of the M/V
JOANNE I, For Exoneration from or
Limitation of Liability

-------------------------------------------------------x

08 Civ. 03714 LAK

**AMENDED COMPLAINT**

Plaintiff, by its attorneys, HILL RIVKINS & HAYDEN LLP, for his complaint

seeking exoneration from or limitation of liability alleges upon information and belief as

follows:

1.  This is a case of admiralty and maritime jurisdiction, as hereafter more fully

appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.

2.  Plaintiff, Salt Route, Ltd., at all pertinent times was and now is a Bermuda

corporation with a principal place of business in Hamilton, Bermuda and was the owner

of the M/V JOANNE I.  At all times relevant hereto, the vessel was managed by Sea

Cargo Ltd.. of Palm Springs, Florida.

3. On October 3, 2007 while transiting the Panama Canal the vessel sustained an

engine breakdown resulting in the vessel being unable to complete the voyage and deliver

her cargoes to the intended ports of destination.

1

4. The aforesaid breakdown and consequent damages were not due to the fault, neglect or want of care on the part of plaintiff or to the vessel. Alternatively, any defect in design, construction, configuration or outfitting of the M/V JOANNE I that is found have caused or contributed to the aforesaid collision existed without the privity or knowledge of plaintiff.

5. As a result of the aforesaid breakdown, plaintiff has received notices of claims from owners of the cargoes aboard the vessel for damages for delay, discharge expenses, on-carriage expenses, loss of market value and other claims in excess of $2.3 million greatly exceeding the value of the vessel.

6.. On or about April 14, 2008 a proceeding was instituted in the Republic of Panama seeking judgment for the cargo claims hereinabove identified, and the vessel was arrested at Balboa, Panama in security for such claims.

7. There are no demands, unsatisfied liens or claims of liens against the vessel arising on the said voyage or any suits pending thereon, so far as is known to plaintiff other than as set forth above.

8. This complaint is filed within six months after plaintiff's receipt of the earliest notice of claim.

9. As appears from the Declaration of John Lightbown filed with this complaint, the value of the vessel at the time of the casualty did not exceed $700,000.00.

10. Plaintiff contests its liability and the liability of the vessel for any loss or damage occurred as a result of the aforesaid machinery breakdown and invokes the benefits of exoneration from or limitation of liability afforded by §§4283-9 of the Revised Statutes of the United States (Title 46 U.S. Code Sections 183-189), and Plaintiff

further avers that any liability of the vessel for any loss or damage to cargo aboard said vessel is to be resolved through arbitration.

11. Plaintiff files herewith an interim stipulation with approved surety in the amount of $700,000.00, plus $1,000.00 security for costs pursuant to Local Rule F.1 for the payment into Court, whenever the Court shall order, of the plaintiff's interest in the Inflatable Boat as aforesaid.

WHEREFORE, plaintiff prays:

1. That this Court approve the said interim stipulation as security for the value of plaintiff's interest in the M/V JOANNE I;

2. That this Court issue a notice to all persons making any claim with respect to which this complaint seeks limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be fixed in said notice and that if any claimant desires to contest either plaintiff's right to exoneration from or limitation of liability he shall file and serve on the attorneys for plaintiff an answer to the complaint on or before said date, unless said claim includes an answer so designated;

3. That this Court enjoin the further prosecution of all actions, suits, or proceedings already begun and the commencement and prosecution thereafter of any and all actions, suits or proceedings, or any nature or description whatsoever, in any jurisdiction, against plaintiff, or against any property of the plaintiff, except in this action, to recover damages for or in respect to any loss or damage occasioned or incurred on the aforesaid voyage;

3

4. That this Court adjudge that plaintiff is not liable for any loss or damage resulting from the aforesaid casualty or occurring during the aforesaid voyage;

5. If plaintiff should be adjudged liable, then that such liability be limited to the value of its interest in the M/V JOANNE I following the breakdown, and that plaintiff be discharged therefrom upon the surrender of its interest in the vessel and that the money so surrendered be divided *pro rata* according to the statutes and rules above among such claimants as may duly prove claims, saving to each any priority to which he may be entitled, and that judgment may then be entered;

6. That plaintiff may have such further or other relief as may be just.

Dated: New York, NY
       May 8, 2008

                     HILL RIVKINS & HAYDEN LLP
                     Attorneys for Plaintiff

                     By: _____
                           Caspar F. Ewig (CE4027)

                     45 Broadway
                     New York, NY 10006

002Complaint

4

### CERTIFICATE OF MAILING

STATE OF NEW YORK
COUNTY OF NEW YORK

     Caspar F. Ewig, an attorney duly admitted to the practice of law in the State of New York affirms, under penalty of perjury, as follows:

On  May 9, 2008,  I served a true copy of annexed

       AMENDED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF

       LIABILITY,

On Maloof, Browne & Eagan, as attorneys for Industria Nacionale de Gaseosas, S.A. and Abonos Columbianos S.A

     (a)    by mail at  411 Theodore Fried Ave., Rye, New York 10580-1411, depositing said documents in the U. S. Post Office in New York City in a sealed envelope addressed to the address shown on the papers, with postage prepaid, and

     (b)    by email be attaching said documents to an email addressed and sent to teagan@maloofandbrowne.com

Dated May 8, 2008

                                              _____
                                              Caspar F. Ewig