DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Claimant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
:
In the Matter of the Complaint       :     **08 Civ.3714 (LAK)**
:
Of                                   :     **CLAIM AND ANSWER OF**
                                           **ABONOS COLUMBIANOS, S.A.**
Salt Route, Ltd., as Owner of the M/V :
JOANNE I, For Exoneration from or    :
Limitation of Liability              :

-----------------------------------x

   Abonos Colombianos, S.A. (hereinafter "ABOCOL") submits its Claim (subject to defenses below) and Answer against the Plaintiff through undersigned counsel.

   1. Claimant ABOCOL is a corporation organized and existing under the laws of Columbia, with its principal place of business at Zona Industrial De Mamonal, KM 11, Cartagena, Columbia. ABOCOL is in the business of, *inter alia*, buying and selling fertilizer.

   2. On or about September 20, 2007, Salt Route, Ltd., as Owner, and ABOCOL as charterer, entered into a Charter Party for the carriage of bagged fertilizer from Cartagena, Columbia to Tumaco, Columbia.

3. On or about September 27, 2007 there was shipped by ABOCOL and delivered to the M/V Joanne I ("the "Vessel") at the Port of Cartagena, Columbia a consignment of fertilizer in good order and condition, as more fully described in Bill of Lading No. 1 dated September 27, 2007 (hereinafter the "Shipment").

4. The Shipment was to be carried to the port of Tumaco, Columbia to be discharged and there to be timely delivered to ABOCOL and/or its customers in like good order, condition, and quantity as when received, all in consideration of certain freight charges, thereupon paid or agreed to be paid.

5. En route to the discharge port, ABOCOL was advised the Vessel broke down during transit through the Panama Canal and that the Vessel could not be repaired in a timely manner to permit her to continue the Voyage. This breach of the contract of carriage necessitated ABOCOL having to obtain a Court Order in Panama to obtain possession of its Shipment and discharge the Shipment in Panama.

6. By reason of the foregoing, ABOCOL incurred substantial additional expenses including, as presently calculated, discharge expenses in Panama in the sum of $82,900, inland freights from Cartagena to Tumaco in the sum of $9,639.60, survey expenses in the sum of $9,679.02, the loss of sales price arising from the necessity of sale of the Shipment in Panama other than the intended sale at discharge port Tumaco in the sum of $159,546.52, estimated legal fees in Panama of $50,000 and estimated legal fees and arbitration expenses in Florida in the sum of $100,000 for a total of $412,005.72.

7. As a result of the foregoing, ABOCOL suffered damages in the amount of US $412,005.72 and is entitled to payment of that amount, together with interest from October 15, 2007 plus costs.

8. The breakdown of the Vessel and the resulting damage to ABOCOL was the unseaworthiness of the Vessel caused by the negligence, gross negligence, recklessness and/or willful misconduct of the M/V Joanne I, its officers, crew, owners and managers, all with the privity and knowledge of Plaintiff.

9. With the privity and knowledge of Salt Route, the Vessel was unseaworthy at commencement of the Voyage due to, *inter alia*, the engine was extremely dirty; the engine had not been properly maintained and was consuming excessive quantities of lube oil and had a defective seal; Salt Route failed to effect and monitor even basic, routine engine maintenance (including failure to correct known oil leaks); Salt Route failed to properly hire, train, and monitor the crew with respect to maintenance of the Vessel and its engine; and that the Vessel was manned by an incompetent crew.

WHEREFORE, claimant prays:

1. That both exoneration and limitation of liability be denied;

2. That the claim herein be allowed, with interest and costs;

3. That the Court award such further and additional relief as is deemed just.

## ANSWER

As its Answer to the Amended Complaint, ABOCOL states on information and belief:

1. Admits the allegation of paragraph 1 of the Amended Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint.

3. Admits the Vessel was unable to complete the Voyage and deliver the Shipment to its intended port of destination, and admits the Vessel's managers and/or Salt Route advised ABOCOL the Vessel experienced an engine breakdown while transiting the Panama Canal in October 2007, and except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Amended Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Amended Complaint.

5. Denies that the value of the claims exceeds the value of the Vessel, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Amended Complaint.

6. Admits that on or about April 14, 2007 ABOCOL commenced proceedings in the Republic of Panama seeking security for its cargo claims and that the Vessel was arrested, and except as so admitted, denies the allegations of Paragraph 6 of the Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Complaint.

9. Denies the allegations of Paragraph 9 of the Amended Complaint.

10. Denies the allegations of Paragraph 10 of the Amended Complaint.

11. Denies the allegations of Paragraph 11 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over ABOCOL.

### SECOND AFFIRMATIVE DEFENSE

Salt Route is not the Owner of the M/V Joanne I, and therefore has no right to commence and maintain these proceedings.

### THIRD AFFIRMATIVE DEFENSE

Salt Route's complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Salt Route is not entitled to maintain an action for exoneration from or limitation of liability and/or limit its liability, pursuant to the Limitation of Liability Act, since any and all negligence, fault, and lack of diligence on the part of Salt Route, its agents, servants, workmen and employees and unseaworthiness of the Vessel, which caused the ABOCOL' losses, occurred within the privity and knowledge of Salt Route.

### FIFTH AFFIRMATIVE DEFENSE

The stipulation for value filed herein by Petitioner is deficient and under-represents the value of Petitioner's interest in the M/V JOANNE I.

WHEREFORE, Claimant prays that the Petition be dismissed, and Claimant granted its costs.

Dated: Rye, New York  
June 9, 2008

MALOOF BROWNE & EAGAN LLC

By /s/ David T. Maloof  
David T. Maloof (DM 3350)

5

>Thomas M. Eagan (TE 1713)
>411 Theodore Fremd Avenue – Suite 190
>Rye, New York 10580
>Tel: (914) 921-1200
>Fax: (914) 921-1023
>Email: dmaloof@maloofandbrowne.com
>          teagan@maloofandbrowne.com

>*Attorneys for Claimant*

F://WP-Docs/0805.02/060908 Claim & Answer - Abocol.doc