DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Claimant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
:
In the Matter of the Complaint                   :   08 Civ.3714 (LAK)
:
Of                                               :   **CLAIM AND ANSWER OF**
                                                     **INDUSTRIA NACIONAL DE**
Salt Route, Ltd., as Owner of the M/V            :   **GASEOSAS, S.A.**
JOANNE I, For Exoneration from or
Limitation of Liability                          :

------------------------------------x

Industria Nacional De Gaseosas, S.A. (hereinafter "ING") submits its Claim (subject to defenses below) and Answer against the Plaintiff through undersigned counsel.

1.   Claimant ING is a corporation organized and existing under the laws of Columbia, with its principal place of business at Avenida Carrera 96 No. 24-C, Bogota, Columbia. ING is in the business of, *inter alia*, bottling soft drinks products in Columbia.

2.   On or about September 27, 2007 there was shipped by ING and delivered to the M/V Joanne I ("the "Vessel") at the Port of Cartagena, Columbia a bottling machine ("Caja De Madera con Maquina Llenadora de Botellas") in good order and condition, as more fully described in Bill of Lading No. 1 dated September 27, 2007 (hereinafter the "Shipment").

4. The Shipment was to be carried to the port of Buenaventura, Columbia to be discharged and there to be timely delivered to ING and/or its customers in like good order, condition, and quantity as when received, all in consideration of certain freight charges, thereupon paid or agreed to be paid.

5. En route to the discharge port, ING was advised the Vessel broke down during transit through the Panama Canal and that the Vessel could not be repaired in a timely manner to permit her to continue the Voyage. This breach of the contract of carriage necessitated ING having to obtain a Court Order in Panama to obtain possession of its Shipment and discharge the Shipment in Panama.

6. By reason of the foregoing, ING incurred substantial additional expenses including, as presently calculated, discharge expenses in Panama in the sum of $151,815.41, losses of earnings from delays in operating the bottling machine in the amount of $202,450.00, estimated legal fees in Panama of $50,000 and estimated legal fees and arbitration expenses in Florida in the sum of $100,000 for a total of $504,545.41. Salt Route knew, or should have known, that the bottling machine was to be used in the production of soft drinks, and that delay in delivering the cargo in a sound condition to the receiver would result in substantial damages incurred by ING.

7. As a result of the foregoing, ING suffered damages in the amount of US $504,545.41 and is entitled to payment of that amount, together with interest from October 15, 2007 plus costs.

8. The breakdown of the Vessel and the resulting damage to ING was the unseaworthiness of the Vessel caused by the negligence, gross negligence, recklessness

and/or willful misconduct of the M/V Joanne I, its officers, crew, owners and managers, all with the privity and knowledge of Plaintiff.

9. With the privity and knowledge of Salt Route, the Vessel was unseaworthy at commencement of the Voyage due to, *inter alia*, the engine was extremely dirty; the engine had not been properly maintained and was consuming excessive quantities of lube oil and had a defective seal; Salt Route failed to effect and monitor even basic, routine engine maintenance (including failure to correct known oil leaks); Salt Route failed to properly hire, train, and monitor the crew with respect to maintenance of the Vessel and its engine; and that the Vessel was manned by an incompetent crew.

WHEREFORE, claimant prays:

1. That both exoneration and limitation of liability be denied;
2. That the claim herein be allowed, with interest and costs;
3. That the Court award such further and additional relief as is deemed just.

## ANSWER

As its Answer to the Amended Complaint, ING states on information and belief:

1. Admits the allegation of paragraph 1 of the Amended Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint.

3. Admits the Vessel was unable to complete the Voyage and deliver the Shipment to its intended port of destination, and admits the Vessel's managers and/or Salt Route advised ING the Vessel experienced an engine breakdown while transiting the Panama Canal in October 2007, and except as so admitted, denies knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Amended Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Amended Complaint.

5. Denies that the value of the claims exceeds the value of the Vessel, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Amended Complaint.

6. Admits that on or about April 14, 2007 ING commenced proceedings in the Republic of Panama seeking security for its cargo claims and that the Vessel was arrested, and except as so admitted, denies the allegations of Paragraph 6 of the Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Complaint.

9. Denies the allegations of Paragraph 9 of the Amended Complaint.

10. Denies the allegations of Paragraph 10 of the Amended Complaint.

11. Denies the allegations of Paragraph 11 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over ING.

## SECOND AFFIRMATIVE DEFENSE

Salt Route is not the Owner of the M/V Joanne I, and therefore has no right to commence and maintain these proceedings.

## THIRD AFFIRMATIVE DEFENSE

Salt Route's complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Salt Route is not entitled to maintain an action for exoneration from or limitation of liability and/or limit its liability, pursuant to the Limitation of Liability Act, since any and all negligence, fault, and lack of diligence on the part of Salt Route, its agents, servants, workmen and employees and unseaworthiness of the Vessel, which caused the ING' losses, occurred within the privity and knowledge of Salt Route.

## FIFTH AFFIRMATIVE DEFENSE

The stipulation for value filed herein by Petitioner is deficient and under-represents the value of Petitioner's interest in the M/V JOANNE I.

WHEREFORE, Claimant prays that the Petition be dismissed, and Claimant granted its costs.

Dated: Rye, New York
June 9, 2008

MALOOF BROWNE & EAGAN LLC

By_____
David T. Maloof (DM 8350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue – Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com

teagan@maloofandbrowne.com

*Attorneys for Claimant*

F://WP-Docs/0805.02/060908 Claim & Answer - ING.doc